**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Ruby Delgado | | CHAPTER 13 |
| Carlos R. Jimenez | | |
| | Debtors | |
| | | |
| The Money Source, Inc. | | |
| | Movant | NO. 18-14404 PMM |
| vs. | | |
| | | |
| Ruby Delgado | | |
| Carlos R. Jimenez | | |
| | Debtors | 11 U.S.C. Section 362 |
| | | |
| Scott F. Waterman, Esquire | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through February 2022.

2.      Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2022 in the amount of $1,192.44.

3.      In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein .

5.      If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court if the loan is in default, and the court shall enter an order granting the Movant relief from the automatic stay.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to this Order.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.      The provisions within Paragraphs 3 through 4 are on valid for one year from the date of court approval of this Stipulation.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:    February 25, 2022

By: *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: *March 22, 2022*

*/s/ Stephen McCoy Otto, Esquire*
Stephen McCoy Otto, Esquire
Attorney for Debtors

Date: 3/22/2022

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 24th day of  March , 2022.  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer